# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 11-243 |
| | ) | |
| TIMOTHY D. JOHNSON, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion (Doc. 41) to Dismiss Count 4 of the Superseding Indictment will be denied, consistent with the analyses below.

Defendant argues that Count 4 is multiplicitous of Count 9 because both Counts charge him with unlawful possession or transfer of the same weapon, a Sten 9mm machine gun. *See* Def.'s Mot. at ¶¶ 1-4; *see also* Superseding Indictment (Doc. 34) at Counts 4 & 9 (both charging Defendant with violations under 18 U.S.C. § 922(o)(1)). As the Government notes, however, Count 4 charges Defendant with possession of the weapon on or about December 17, 2010, and Count 9 charges him with possession and transfer on or about September 26, 2011. *Compare* Count 4 *with* Count 9.

The Court hereby adopts the reasoning in U.S. v. Conley, 291 F.3d 464 (7th Cir. 2002). In that case, the Court of Appeals for the Seventh Circuit held that a defendant may be charged with multiple counts of possessing the same firearm, so long as the Government proves that: (1) the Defendant possessed the weapon; (2) he was aware that his possession of the weapon was interrupted; and (3) he thereafter reacquired possession of the weapon. *Id.* at 470 (numerous

citations omitted).[1]  As the Conley Court made clear, the Government is not required to alleged in the indictment that Defendant's possession of the weapon was interrupted.  *See id.* at 471 ("although interruption was [a] fact that the Government [ultimately would have to] prove in order to obtain successful convictions on more than one count, it was not necessary to allege this fact in any of the counts in the indictment").

For the reasons stated above, Defendant's Motion (**Doc. 41**) to Dismiss Count 4 of the Superseding Indictment is **DENIED**.

IT IS SO ORDERED.


May 29, 2012                                                              s\Cathy Bissoon
                                                                                   Cathy Bissoon
                                                                                   United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[1] Conley addressed charges under 18 U.S.C. § 922(g)(1), regarding the possession of a firearm by a convicted felon.  Because violations of 18 U.S.C. § 922(o)(1) also are possessory in nature, the Court believes, and therefore holds, that the reasoning in Conley extends to this case.